IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                              4:06CR00052(1-2)-WRW

ANTHONY TERRELL HARRIS
a.k.a. Buddy
MORINE HARRIS

## ORDER

Pending are Defendants' Motion to Suppress Controlled Buy Evidence on the Grounds of Police Misconduct,[1] and Motion and Supplemental Motion for a Franks Hearing and to Suppress Controlled Buy Evidence.[2]  The United States filed a Response to the Motion to Suppress,[3] and the supplemental motion.[4]

**I.  Background**

On February 8, 2006, Defendants, Anthony Harris and Morine Harris, were indicted on two counts in a four-count indictment with aiding and abetting each other with possession and intent to distribute 106.5 (Count Three) and 5.18 (Count Four) grams of crack cocaine. The alleged crimes took place on September 20, 2005.[5]  Defendant, Anthony Harris was

---

[1] Doc. Nos. 34, 46.

[2] Doc. Nos. 43, 64, 45.

[3] Doc. Nos. 39, 76.

[4] Doc. No. 76.

[5] Doc. No. 1.

separately indicted on two counts of distributing 2.2 (Count One) and 2.8 (Count Two) grams of crack cocaine on September 8, 2005 and September 16, 2005. A Superceding Indictment was entered July 11, 2007.[6]

The Superceding Indictment re-charged Defendants with Counts One, Two, Three, and Four, and Defendant Anthony Harris was charged in a Fifth Count for distributing 0.2747 grams of crack cocaine on January 25, 2006.[7] The evidence supporting Counts Three and Four was collected during the execution of a search warrant, and the evidence supporting Counts One and Two was produced during two controlled buys made by a confidential informant.

Defendants allege that the controlled buys involved illegal conduct and, therefore, the related evidence should be suppressed. Defendants also request a Franks hearing[8] to determine if the search warrant for Defendant Morine Harris's home was based on false information in the affidavit.

The Prosecution counters that Defendants have not produced sufficient evidence of illegal conduct to warrant suppression, and have not made a substantial preliminary showing of deliberate deceit to justify a Franks hearing.[9]

---

[6] Doc. No. 78.

[7] *Id*.

[8] *Franks v. Delaware*, 438 U.S. 154, 171 (1978).

[9] *Id.*

## II. Authority

### A. Motion to Suppress

The Supreme Court has held that the exclusionary rule is not a remedy that should be applied lightly, but should be used to deter Fourth and Fifth Amendment violations.[10] Therefore, evidence obtained by an unconstitutional search and seizure,[11] and confessions taken in violation of the right against self-incrimination[12] are subject to the exclusionary rule. The majority of courts, including the Eighth Circuit, have held that the exclusionary rule should be used sparingly.

The Eighth Circuit describes the exclusionary rule as a "blunt instrument," and warned that courts should be reluctant to apply it to violations that are not of "constitutional magnitude."[13] Other circuits have explained that the exclusionary rule was not designed to "vindicate a broad, general right to be free of action not authorized by law, but to protect constitutionally protected rights."[14]

---

[10] *Sanchez-Llama v. Oregon*, __ U.S.__, 126 S. Ct. 2669, 2672 (2006).

[11] *Id.* (citing *Mapp v. Ohio*, 367 U.S. 643, 655-657 (1961)).

[12] *Id.* (citing *Dickerson v. United States*, 530 U.S. 428, 435 (2000)).

[13] *United States v. Hornbeck*, 118 F.3d 615, 618 (8th Cir. 1997) (citing *United States v. Burke*, 517 F.2d 377, 386 (2d Cir. 1975)).

[14] *United States v. Hensel*, 699 F.2d 18, 29 (1st Cir.1982); see also *United States v. Harrington*, 681 F.2d 612, 615 (9th Cir. 1982) (finding that there must be an exceptional reason, to invoke the exclusionary rule); *United States v. Kington*, 801 F.2d 733, 737 (5th Cir. 1986); *United States v. Ware*, 161 F.3d 414, 424 (6th Cir. 1998) (finding that when Congress has created a remedy for a statute violation, the exclusionary rule does not apply); *United States v. Thompson*, 936 F.2d 1249, 1251 (11th Cir. 1991) (violation of statute is not a constitutional violation and exclusionary rule does not apply).

Although the exclusionary rule has been applied to remedy statutory violations, the conduct forbidden by the statute addressed constitutionally protected rights.[15]

Defendants also maintain that the police officers' illegal conduct violated substantive due process. This due process theory does not involve the exclusionary rule.[16] Its protection may be invoked to dismiss the case, but not exclude evidence.[17]

In order to maintain this claim, the alleged police misconduct must be so outrageous that it exceeds the bounds of fundamental fairness -- "shocking the universal sense of justice."[18] The outrageousness required to prove this type of due process violation is high.[19] Such claims involve coercion, violence, police brutality,[20] or "over involvement in a crime that reaches a demonstrable level of outrageousness."[21]

Finally, the exclusionary rule and due process claims only apply when the unlawful or outrageous conduct is aimed at the defendant, and violates the defendant's rights -- not the rights of a third person.[22]

---

[15]*Miller v. United States*, 357 U.S. 301, 306 (1958) (excluding money seized by federal officers because they violated 18 U.S.C. § 3109 by breaking through a door without announcing their authority).

[16]*Hampton v. United States*, 425 U.S. 484, 489 (1976) (noting that when law enforcement conduct is bad enough to invoke due process -- the government is barred from prosecution).

[17]*Id.*

[18]*County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998); *United States v. Russell*, 411 U.S. 423, 432 (1973).

[19]*United States v. Cannon*, 88 F.3d 1495, 1506 (8th Cir. 1996).

[20]*Irvine v. California*, 347 U.S. 128, 133 (1954).

[21]*Hampton*, 425 U.S. at 495.

[22]*United States v. Payner*, 447 U.S. 727, 731 (1980); *Hampton*, 425 U.S. at 490.

### B. Motion for a Franks Hearing

When probable cause is based on an affidavit containing false statements, the search warrant may be invalid if the defendant can prove by the greater weight of the evidence that: (1) the police intentionally or recklessly created a misleading affidavit; and (2) a truthful affidavit would not have supported a finding of probable cause.[23]

In *Franks v. Delaware*, the Supreme Court held that the Fourth Amendment gives a defendant the right to an evidentiary hearing challenging the truthfulness of a search warrant affidavit if a substantial preliminary showing is made that the affidavit includes a false statement intentionally or recklessly made.[24] The substantiality requirement is not lightly met,[25] and, in additional to making a substantial showing of deceit, the defendant must also show that, but for the deceit, there would be no probable cause.[26]

## III. Discussion

### A. Motion to Suppress

Defendants argue that the evidence connected to the "controlled buys" should be suppressed because of the following misconduct: (1) the officers set up the controlled buy; (2) the officers made the confidential informant drive to the controlled buy without a driver's license; (3) the officers threatened the confidential informant with five years in prison if she did not set up Anthony Harris; (4) the officers did not search the confidential informant; and

---

[23]*United States v. Reivich*, 793 F.2d 957, 961 (8th Cir. 1986) (citations omitted); see also *United States v. Jacobs*, 986 F.2d 1231, 1234 (8th Cir. 1993).

[24]*Id.*

[25]*United States v. Wajda*, 810 F.2d 754, 759 (8th Cir. 1987).

[26]*United States v. Williams*, 477 F.3d 554, 558 (8th Cir. 2007).

(5) the confidential informant later testified that she did not buy drugs from Anthony Harris, and Morine Harris does not sell drugs.

Defendants rely on Supreme Court cases that excluded evidence because of illegal conduct that violated the Fourth and Fifth Amendments.[27] Such conduct involves violations that reach "constitutional magnitude"[28] and is, therefore, more serious than the alleged violations in this case.

The Defendants argue that the police condoned illegal activity when they allowed the confidential informant to drive without a license. Driving without a license violates state law, but has nothing to do with constitutional rights, nor does it raise constitutional questions. There is no evidence that making a third party drive without a license deprived Anthony Harris of a fundamental right. In fine, this is not the kind of illegal action or exceptional circumstance to which the exclusionary rule is applied.

The other alleged illegal police action is their failure to search the confidential informant before she participated in the controlled buys. Defendants fail to identify a state or federal regulation that requires police officers to conduct such searches. Even if there is such a law, disobeying it does not involve deprivation of constitutional rights. Again, this is not the kind of violation that gives rise to an application of the exclusionary rule. Moreover, the alleged illegal conduct was directed at the confidential informant, not Anthony Harris.

---

[27] *Wong Sun v. United States*, 371 U.S. 471, 485 (1963) (evidence excluded because of invasion of defendant's home without an arrest warrant); *Harrison v. United States*, 392 U.S. 219, 222 (1968) (exclusion based on the use of illegal confessions); *Elkins v. United States*, 364 U.S. 206, 213 (1960) (excluding evidence obtained by state officers as a result of unreasonable search and seizure); *United States v. Peltier*, 422 U.S. 531, 539 (1975) (excluding evidence from an illegal search).

[28] *Hornbeck*, 118 F.3d at 618.

With respect to the due process claim, allegations that the police set up the controlled buy, provided the drug money, and coerced the confidential informant into cooperating, does not describe the kind of outrageous conduct that offends traditional notions of fair play, nor does it amount to outrageous police involvement in a crime.  Defendants have failed to allege facts that meet the high burden of showing a due process violation.

Finally, the alleged coercion was aimed at the confidential informant, not Defendants.  The application of the exclusionary rule or a due process bar to prosecution must be based on conduct that deprived Defendants of their constitutional rights.  Because there is no showing of constitutional violations that directly affected Defendants, the suppression motion fails as a matter of law.

### B.  Motion for Franks Hearing

Defendants also challenge the validity of the search warrant because it was based on misleading information.  Defendants want the opportunity to cross-examine the confidential informant during a Franks hearing to undermine her reliability and the reliability of the search warrant.

Defendants contend that the confidential informant gave conflicting statements -- she provided an affidavit for a search warrant and later gave statements and testimony exonerating Defendants.[29]   Defendants argue that this conflict is enough to warrant a Franks hearing.   I disagree.

---

[29]Doc. No. 43 (the Prosecution points out that at the same hearing, the confidential informant testified that the Defendants were innocent, and later changed her testimony and stated that she did, in fact, purchase drugs from Anthony Harris).

In addition to the affidavit, there is video tape evidence corroborating the two controlled buys.[30] This evidence renders the affidavit irrelevant, because, even if it is misleading, the video evidence is enough to support probable cause for the search warrant, with or without the affidavit.[31] Defendants have not made a substantial preliminary showing that would require a Franks hearing.

Defendants' Motions to Suppress and for a Franks' Hearing (Doc. Nos. 34, 46, 43, 64, 45) are DENIED.

IT IS SO ORDERED 3rd day of August, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[30]Doc. No. 76.

[31]*Hornbeck*, 118 F.3d at 558.