**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA

v.                              4:06-CR-00052-WRW
                                4:10-CV-00249-WRW

ANTHONY TERRELL HARRIS

**ORDER**

Pending is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 135).

**I.    BACKGROUND**

On January 18, 2008, Petitioner pled guilty to aiding and abetting possession with intent to distribute cocaine base.[1] On July 25, 2008, he was sentenced to 120 months in prison, and the judgment was entered the same day.[2] Petitioner appealed his sentence. The Court of Appeals for the Eighth Circuit affirmed Petitioner's sentence on March 30, 2009. Petitioner filed a writ of certiorari to the United States Supreme Court, and the writ was denied on November 13, 2009.

**II.   DISCUSSION**

Petitioner asserts numerous claims for ineffective assistance of counsel, and asserts that his due process rights were violated when he was sentenced to a statutory minimum of 120 months.

---

[1] Doc. No. 108.

[2] Doc. Nos. 116, 117.

### A. Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that his counsel's performance fell below an objective standard of reasonableness.[3] Petitioner must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[4] The court then must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[5] Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[6]

Even if a court finds deficient performance of counsel, Petitioner must also establish prejudice.[7] To establish prejudice, Petitioner must demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[8]

So, the test has two parts: (1) deficient performance; and (2) prejudice. If Petitioner fails to establish either part of this test, I need not consider the remaining element of the test.[9]

---

[3] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

[4] *Strickland*, 466 U.S. at 690.

[5] *Id.*

[6] *Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[7] *Strickland*, 466 U.S. at 694.

[8] *Id.* (where 'reasonable probability' is "a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

[9] *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

### 1. Speedy Trial Clock

Petitioner's first ineffective assistance claim asserts that his counsel erred by allowing time to be excluded under the Speedy Trial Act. Petitioner notes that "[n]owhere in the record does there appear an objection by counsel for the Movant that the ends-of-justice delays are excessive and are prejudicing the rights of the Movant."[10] According to Petitioner, "all but 26 days [were excluded] from the speedy trial calendar" and that "the long delay resulted in the filing of a superseding indictment and in the eventual plea of guilty entered by the movant."[11] Petitioner's claim is without merit.

Petitioner filed at least eight motions to continue between the time he was indicted and when he pled guilty.[12] Under the Speedy Trial Act, any period of delay resulting from a continuance at the request of defendant will be excluded from speedy trial time computations.[13] So, the two years passing between the time of the indictment and Petitioner's guilty plea was of his own making. Accordingly, Petitioner's counsel's failure to object to excluding time under the Speedy Trial Act does not amount to ineffective assistance.

### 2. Failure to Seek Sentence Outside the Guidelines

Petitioner asserts that his counsel was ineffective when he failed to "vigorously pursue the position that movant should be allowed a sentence outside the guideline" and argue for a one-to-one crack to cocaine ratio.[14] Petitioner suggests that if the one-to-one ratio applied, his guideline range would have been 41 to 51 months.

---

[10] Doc. No. 135.

[11] *Id.*

[12] Doc. Nos. 20, 25, 49, 52, 56, 85, 101, 104.

[13] 18 U.S.C. § 3161(h)(7)(A).

[14] Doc. No. 135.

Petitioner's 120 months sentence was based on the statutory mandatory minimum, not the guidelines.  Argument by counsel about a one-to-one crack to cocaine ratio under the guidelines would have made no difference, since the Court was bound by the mandatory minimum of 120 months.

### 3. Failure to Inform Petitioner of Mandatory Minimum

Petitioner contends that "counsel failed to clearly inform [him] of the contents of the plea agreement and that he was subject to a mandatory minimum sentence."[15]  Petitioner asserts that counsel informed him, "[i]f you accept the plea agreement, the government will insure you receive a sentence below the mandatory minimum."[16]  According to Petitioner, counsel provided ineffective assistance when he failed to make the government honor its plea agreement.  "But for counsel's errors, [Petitioner] would have received a sentence less than the mandatory minimum as promised when he accepted the agreement or, he would have had sufficient information to lead him to approach the disposition of the cause from a different angle."[17]  Petitioner asserts that his plea agreement was intended to get a sentence under the statutory minimum and that he "wasn't intending to get no ten-year sentence . . . Something I didn't totally expect."  Petitioner asserts that this "statement indicated that [he] did not, at the time of his acceptance of the plea agreement understand the consequences of it."[18]

I cannot address this claim without a response from the Prosecution.  Accordingly, the Prosecution is directed to respond to this claim by 5 p.m., Tuesday, June 1, 2010.

---

[15] Doc. No. 135.

[16] *Id.*

[17] *Id.*

[18] *Id.*

4

### 4.     Failed Establish the Purity of Cocaine

Petitioner contends that his lawyer's failure to have the Prosecution establish the purity of the cocaine amounted to ineffective assistance of counsel. However, on direct appeal, the Eighth Circuit concluded that "the Government need not provide evidence of the purity of the crack cocaine for a sentence pursuant to the statutory mandatory minimum."[19] Accordingly, Petitioner's claims is without merit.

### B.     Due Process Violations with Statutory Mandatory Minimum

Petitioner asserts that a mandatory statutory sentence is not an authorized term of imprisonment. However, his position is contradicted by the statute and the Eighth Circuit's affirmation of his 120 month sentence. Additionally, the Eighth Circuit has held that a mandatory minimum sentence does not violate due process.[20]

### CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 135) is DENIED in PART and HELD in ABEYANCE in PART. The Prosecution is directed to respond only to Petitioner's ineffective assistance claim regarding the failure to inform him of the mandatory minimum. The response must be filed by 5 p.m., Tuesday, June 1, 2010.

IT IS SO ORDERED this 17th day of May, 2010.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[19] Doc. No. 130.

[20] *United States v. Mendoza*, 876 F.2d 639, 641 (8th Cir.1989).