**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.        4:06-CR-00052-WRW
          4:10-CV-00249-WRW

**ANTHONY TERRELL HARRIS**

### ORDER

Pending is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 135). The Prosecution has responded.[1]

**I.   BACKGROUND**

On January 18, 2008, Petitioner pled guilty to possession with aiding and abetting possession with intent to distribute cocaine base.[2] On July 25, 2008, he was sentenced to 120 months in prison, and the judgment was entered the same day.[3] Petitioner appealed his sentence, and the Court of Appeals for the Eighth Circuit affirmed Petitioner's sentence on March 30, 2009. Petitioner filed a writ of certiorari to the United States Supreme Court, and the writ was denied on November 13, 2009.

On May 17, 2010, I entered an order denying all claims, except for Petitioner's claim that his "counsel failed to clearly inform [him] of the contents of the plea agreement and that he was subject to a mandatory minimum sentence."[4] The Prosecution was directed to respond to the motion, and has done so.

---

[1] Doc. No. 139.

[2] Doc. No. 108.

[3] Doc. No. 116, 117.

[4] Doc. No. 135.

**II.     DISCUSSION**

    **A.     Ineffective Assistance of Counsel Standard**

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that his counsel's performance fell below an objective standard of reasonableness.[5] Petitioner must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[6] The court then must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[7] Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[8]

Even if a court finds deficient performance of counsel, the petitioner must also establish prejudice.[9] To establish prejudice, a petitioner must demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[10]

So, the test has two parts: (1) deficient performance, and (2) prejudice. If Petitioner fails to establish either part of this test, I need not consider the remaining part of the test.[11]

---

[5] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

[6] *Strickland*, 466 U.S. at 690.

[7] *Id.*

[8] *Strickland*, 466 U.S. at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[9] *Strickland*, 466 U.S. at 694.

[10] *Id.* (where 'reasonable probability' is "a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

[11] *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

B.    **Failure to Inform Petitioner of Mandatory Minimum**

Petitioner contends that his lawyer failed to inform him that he might be subject to a statutory minimum. He asserts that counsel informed him, "If you accept the plea agreement, the government will insure you receive a sentence below the mandatory minimum."[12] According to Petitioner, counsel provided ineffective assistance when he failed to make the government honor its plea agreement. According to Petitioner, "But for counsel's errors, Movant would have received a sentence less than the mandatory minimum as promised when he accepted the agreement or, he would have had sufficient information to lead him to approach the disposition of the cause from a different angle."[13]

During the sentencing hearing Petitioner stated that when he pled guilty, he intended to get a sentence under the statutory minimum and that he "wasn't intending to get no ten-year sentence . . . Something I didn't totally expect."[14] Petitioner asserts that this "statement indicated that [he] did not, at the time of his acceptance of the plea agreement understand the consequences of it."[15]

Petitioner's assertions that he was unaware that he was subject to a mandatory minimum sentence are contradicted by the record. First, during the plea hearing, I informed Petitioner that there was a mandatory minimum of 120 months.[16] Second, in at least two places, the plea agreement unequivocally sets out that Petitioner was subject to a mandatory minimum of ten years. Additionally, the plea agreement provides only that "if the requirements of the safety

---

[12]Doc. No. 135.

[13]*Id.*

[14]Doc. No. 127.

[15]Doc. No. 135.

[16]Doc. No. 128.

valve provisions are met, the defendant will recieve a sentence within the range, which the parties <u>anticipate</u> will be below the statutory minimum."[17]  No language in the plea agreement guaranteed Petitioner that he would qualify for the safety valve and receive a sentence below the statutory minimum.

Even assuming Petitioner's statements are true -- that his counsel promised him that he would get a sentence below the mandatory minimum, the record is clear that Petitioner knew, when he entered the guilty plea, that the mandatory minimum was 120 months.  This fact was set out in the plea agreement and discussed at the plea hearing.[18]  The record is clear that Petitioner was aware that he was subject to a mandatory minimum, and the only way to get a sentence below the minimum was to qualify for the safety valve.  The parties argued at the sentencing hearing regarding whether Petitioner qualified for the safety valve, and I determined that he did not.  Accordingly, Petitioner was sentenced to the statutory minimum.

Finally, Defendant confirmed during the plea hearing that he understood that if his sentencing range turned out to be higher than he thought it would be or than his lawyer informed him it would be, he would not have the right to withdraw his plea.

The record is replete with evidence that Petitioner was aware that he was subject to a statutory minimum, and while knowing this, voluntarily entered his plea.  There is no evidence that Petitioner's counsel was deficient.

---

[17]Plea Agreement (emphasis added).

[18]See *United States v. Granados*, 168 F.3d 343 (8th Cir. 1999) (holding that "a defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence").

4

## CONCLUSION

Based on the findings of fact and conclusions of law above, as well as those in the May 17, 2010 Order, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 135) is DENIED.  Petitioner's Motion to Find Government in Contempt (Doc. No. 140) is DENIED.

IT IS SO ORDERED this 28th day of July, 2010.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE